On motion to dismiss appeal. Motion allowed April 19, 1927.

## ALVIE E. KAUFMAN *v.* W. C. CULBERTSON.

(255 Pac. 330.)

**Appeal and Error—On Motion of Appellant, Appeal will be Dismissed and Judgment Affirmed, Notwithstanding Conflicting Affidavits as to Settlement (Or. L., § 555).**

Appeal will be dismissed, on appellant's motion, and judgment affirmed, in view of Section 555, Or. L., notwithstanding controversy raised on motion to dismiss by conflicting affidavits as to settlement, since controversy must be first determined by lower court before being considered by Supreme Court.

See 2 R. C. L. 168.
Appeal and Error, 4 C. J., p. 563, n. 12, p. 564, n. 36.

From Multnomah: ASHBY C. DICKSON, Judge.

In Banc.

MOTION TO DISMISS ALLOWED.

For the motion, *Messrs. Clark, Skulason & Clark.*

*Contra, Mr. George N. Woodley.*

COSHOW, J. — Plaintiff recovered judgment against defendant. Defendant appeals from that judgment. Thereafter defendant filed a motion to dismiss his appeal, basing his motion on the records and files and affidavits of himself and another party. The substance of the affidavits is that since taking the appeal defendant has paid and fully settled with the plaintiff. Plaintiff as respondent resists said motion. He bases his resistance on some four affidavits from which it appears that before the alleged settlement plaintiff assigned his judgment against defendant. Plaintiff also denies having been paid and denies that the matter in controversy had been settled by the defendant.

" * * At any time before the hearing or trial, the court, on motion of the appellant, may dismiss his appeal; and thereupon the court shall affirm the judgment or decree appealed from, as a matter of course." Or. L., § 555.

By authority of that section there is nothing for this court to do but to allow the motion, dismiss the appeal and affirm the judgment.

This court will not pass upon the question presented by the affidavits filed in behalf of the parties hereto. The question there presented was not passed upon by the Circuit Court and is not properly here.

" * * The case being before us on appeal, we can only review the action of the circuit court, and cannot permit a new case to be made here on the evidence. The showing presented here might be a proper showing before the Commissioner upon application for the issuance of a license." *Union Pac. Life Ins. Co.* v. *Ferguson,* 64 Or. 395, 403 (129 Pac. 529, 130 Pac. 978).

The controversy between appellant and respondent raised by the conflicting affidavits on the motion to dismiss must be first determined by the Circuit Court before being considered here. Motion allowed. Appeal dismissed. Judgment affirmed.

APPEAL DISMISSED AND JUDGMENT AFFIRMED.